**LAW OFFICES OF SANDRA J. SPRINGS**
Sandra J. Springs (SBN 68607)
Sunena Sabharwal (SBN 148237)
1939 Harrison Street, Suite 290
Oakland, California  94612
Telephone: (510) 466-6090

James B. Chanin (SBN 76043)
Julie M. Houk     (SBN 114968)
**LAW OFFICES OF JAMES B. CHANIN**
3050 Shattuck Avenue
Berkeley, California  94705
Telephone: (510) 848-4752, Ext. 2
Facsimile:   (510) 848-5819

Attorneys for Plaintiff

JOHN A. RUSSO, City Attorney – State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
RACHEL WAGNER, Deputy City Attorney – State Bar # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:  (510) 637-0268   Fax:  (510) 238-6500

Attorneys for Defendants
CITY OF OAKLAND; RICHARD WORD

Claudia Leed, State Bar No. 122676
BURNHAM BROWN
A Professional Corporation
P.O. Box 119
Oakland, California  94604
Telephone: (510) 444-6800
Facsimile: (510) 838-666

Attorneys for Defendant
OFFICER SULLIVAN STALLWORTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON STEWART, <br><br>  Plaintiff, <br><br> vs. <br><br> CITY OF OAKLAND, et al., , | Case No.: C03-5800 CRB <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> **Date: April 30, 2004** <br> **Time: 8:30a.m.** <br> **The Hon. Charles R. Breyer** |

**The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.**

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

The Plaintiff, Sharon Stewart, alleges, <u>inter alia</u>, that beginning in 1998, Defendant Sullivan Stallworth, a City of Oakland Police Officer, sexually harassed her after he met the Plaintiff while on duty following a domestic disturbance call at her home. The Plaintiff contends that she was coerced and threatened by Officer Stallworth to submit to a sexual relationship with him and that the acts of sexual harassment and coercion culminated with an incident in which the Plaintiff alleges Officer Stallworth raped her in or about December 2002. The Plaintiff alleges, <u>inter alia</u>, that the City of Oakland and Chief Richard Word maintained customs, policies and/or practices which encouraged, authorized, ratified or tacitly condoned Officer Stallworth's misconduct vis-à-vis the Plaintiff and had prior notice of other incidents of sexual harassment by members of the Oakland Police Department and failed to take appropriate remedial action.

Defendant Stallworth agrees that he had sexual interactions with the Plaintiff. Defendant Stallworth contends that the sexual interactions were consensual, often were initiated by Plaintiff and ceased long before the alleged rape in December 2002. Defendant Stallworth further denies that he harassed, coerced or raped the Plaintiff. The City of Oakland and Chief Richard Word deny that they maintained any customs, policies or practices which caused or contributed to the violation of the Plaintiff's civil rights or that any sexual interactions between Plaintiff and Officer Stallworth occurred in the course and scope of his employment.

**2. The principal factual issues which the parties dispute:**

At this time, the disputed facts include, but may not be limited to:

1. Whether Officer Stallworth was on duty during any of his sexual contacts with the Plaintiff;

2. Whether Officer Stallworth's sexual contacts with the Plaintiff were consensual;


3.  Whether the City of Oakland and Chief Richard Word had notice of prior incidents involving Officer Stallworth;

4.  Whether the City of Oakland and Chief Word maintained customs, policies or practices which caused or contributed to the violation of the Plaintiff's federal civil rights; and

5.  Whether the City of Oakland and Chief Word ratified Officer Stallworth's conduct. Discovery continuing.

6.  Whether Officer Stallworth and Chief Word are liable for punitive damages and, if so, to what extent.

7.  Whether the acts or omissions of Defendants caused the damages claimed by Plaintiff;

8.  Whether and to what extent Plaintiff sustained damages;

9.  The time, dates and number of the sexual interactions between the Plaintiff and Officer Stallworth.

Discovery continuing.

**3. The principal legal issues which the parties dispute:**

1.  Whether Officer Stallworth is liable under 42 U.S.C. Section 1983 for the violation of the Plaintiff's constitutional rights;

2.  Whether the City of Oakland and/or Chief Word maintained customs, policies and/or practices which caused or contributed to the violation of the Plaintiff's constitutional rights;

3.  Whether the City of Oakland and/or Chief Word ratified the violation of the Plaintiff's constitutional rights by Officer Stallworth;

4.  Whether Officer Stallworth or Chief Word are entitled to qualified immunity;

5.  Whether Officer Stallworth is liable for Plaintiff's damages under California law;

6.  Whether any sexual interactions between the Plaintiff and Officer Stallworth occurred within the course and scope of Officer Stallworth's employment.

7.  Whether any of the Plaintiffs' claims are barred by the applicable statutes of limitations.

Discovery continuing.

**4.  The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

Unknown at this time.  Discovery continuing.

**5.  The parties which have not been served and the reasons:**

Plaintiff reserves the right to name and join "Doe" defendants when, or if, their true identities and/or capacities are ascertained.

**6.  The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

Unknown at this time.  Discovery continuing.

**7.  The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

N/A.

## ALTERNATIVE DISPUTE RESOLUTION

**8.** *[Please indicate the appropriate response(s).]*

**The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____**.**

**The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process):*_____**.**

**The parties filed a Notice of Need for ADR Phone Conference and the phone conference.**   The parties have requested assignment of this case to Judge Maria Elena James for a settlement conference once preliminary discovery has been completed. Counsel for the parties acknowledge that the Court is attempting to limit the assignment of cases to Magistrate Judges for ADR.  However, counsel for all parties in this case have

confidence in Judge James and respectfully request that the Court order that this case be assigned to her for settlement purposes.

**The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is _____.**

**9. Please indicate any other information regarding ADR process or deadline.**

## DISCLOSURES

**10. The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*:

The parties anticipate that they will have complied with the initial disclosures requirements prior to the Case Management Conference.

## DISCOVERY

**11. The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

Counsel have met and conferred concerning a discovery plan for this case.  Counsel are amenable to conducting discovery in phases as follows:

**Initial Discovery Phase**:

The parties expect to complete the following discovery phase within 120 days:

The parties will have completed their initial disclosures;

The City of Oakland will have produced the Internal Affairs Investigation pertaining to the subject incidents to Plaintiff's counsel pursuant to a stipulated protective order;

The parties will have exchanged telephone records for the Plaintiff and Officer Stallworth that reflect communications with each other;

The parties will complete outstanding responses to preliminary written discovery requests;

1    Defendants will take the deposition of the Plaintiff;

2    Plaintiff will complete the deposition of Officer Stallworth;

3    Defendants will take the deposition of C.D. Williams;

4    The parties will then evaluate the case for settlement.  In the event that settlement is not
5 feasible, a second phase of discovery will commence.

6    **Second Phase of Discovery**

7    Each side will have the right to notice and take five depositions;

8    Each side will have the right to propound additional written discovery as appropriate;

9    The parties will then evaluate the case for settlement.  In the event that settlement is not
10 feasible, a third phase of discovery will commence:

11    **Third Phase of Discovery**

12   Each side will be permitted to complete any outstanding discovery they deem necessary
13 to prepare the case for trial.  In the event that any party desires to exceed the 10 deposition limit
14 per side or the limitations on interrogatories, they will attempt to informally resolve the issue and
15 reach a stipulation.  If that is unsuccessful, the party desiring to exceed the limits on discovery
16 will file a motion to exceed the limits on discovery with the Court.

17   **TRIAL SCHEDULE**

18   **12.  The parties request a trial date as follows:**

19   The parties request that the case be set for jury trial in early 2005.

20   **13. The parties expect that the trial will last for the following number of days:**

21   The parties estimate 5-7 Court days for a jury trial.

22   Dated: April 21, 2004            _____/s/__Sandra J. Springs_____
23                                    SANDRA J. SPRINGS
                                      Attorney for Plaintiff
24
25   Dated: April 21, 2004            _____/s/__James B. Chanin_____
                                      JAMES B. CHANIN
26                                    Attorney for Plaintiff

27

28

Dated: April 21, 2004 _____/s/_____Rachel Wagner_____
                                    RACHEL WAGNER
                                    Attorney for City of Oakland
                                    Defendants

Dated: April 21, 2004 _____/s/_____Claudia Leed_____
                                    CLAUDIA LEED
                                    Attorney for Defendant
                                    Sullivan Stallworth

## CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:**

*[The Court may wish to make additional orders, such as:*

*a.  Referral of the parties to court or private ADR process;*

*b.  Schedule a further Case Management Conference;*

*c.  Schedule the time and content of supplemental disclosures;*

*d.  Specially set motions;*

*e.  Impose limitations on disclosure or discovery;*

*f.  Set time for disclosure of identity, background and opinions of experts;*

*g.  Set deadlines for completing fact and expert discovery;*

*h.  Set time for parties to meet and confer regarding pretrial submissions;*

*I.  Set deadline for hearing motions directed to the merits of the case;*

*j.  Set deadline for submission of pretrial material;*

*k.  Set date and time for pretrial conference;*

*l.  Set a date and time for trial.]*

Dated: _____    _____
**CHARLES R. BREYER**
**UNITED STATES DISTRICT JUDGE**