**LAW OFFICES OF SANDRA J. SPRINGS**
Sandra J. Springs (SBN 68607)
Sunena Sabharwal (SBN 148237)
1939 Harrison Street, Suite 290
Oakland, California  94612
Telephone: (510) 466-6090

James B. Chanin (SBN 76043)
Julie M. Houk     (SBN 114968)
**LAW OFFICES OF JAMES B. CHANIN**
3050 Shattuck Avenue
Berkeley, California  94705
Telephone: (510) 848-4752, Ext. 2
Facsimile:  (510) 848-5819

Attorneys for Plaintiff

JOHN A. RUSSO, City Attorney – State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
RACHEL WAGNER, Deputy City Attorney – State Bar # 127246
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:  (510) 637-0268   Fax:  (510) 238-6500

Attorneys for Defendants
CITY OF OAKLAND; RICHARD WORD

Claudia Leed, State Bar No. 122676
BURNHAM BROWN
A Professional Corporation
P.O. Box 119
Oakland, California  94604
Telephone: (510) 444-6800
Facsimile: (510) 838-666

Attorneys for Defendant
OFFICER SULLIVAN STALLWORTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON STEWART, | ) Case No.: C03-5800 CRB (MEJ) |
| | ) |
| Plaintiff, | ) **FURTHER JOINT CASE MANAGEMENT** |
| | ) **CONFERENCE STATEMENT** |
| vs. | ) |
| | ) **Date: August 20, 2004** |
| CITY OF OAKLAND, et al., , | ) **Time: 8:30a.m.** |
| | ) **The Hon. Charles R. Breyer** |
| _____ | ) |

**The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.**

## DESCRIPTION OF THE CASE

**1.  A brief description of the events underlying the action:**

The Plaintiff, Sharon Stewart, alleges, <u>inter alia</u>, that beginning in 1998, Defendant Sullivan Stallworth, a City of Oakland Police Officer, sexually harassed her after he met the Plaintiff while on duty following a domestic disturbance call at her home.  The Plaintiff contends that she was coerced and threatened by Officer Stallworth to submit to a sexual relationship with him and that the acts of sexual harassment and coercion culminated with an incident in which the Plaintiff alleges Officer Stallworth raped her in or about December 2002.  The Plaintiff alleges, <u>inter alia</u>, that the City of Oakland and Chief Richard Word maintained customs, policies and/or practices which encouraged, authorized, ratified or tacitly condoned Officer Stallworth's misconduct vis-à-vis the Plaintiff and had prior notice of other incidents of sexual harassment by members of the Oakland Police Department and failed to take appropriate remedial action.

Defendant Stallworth agrees that he had sexual interactions with the Plaintiff.  Defendant Stallworth contends that the sexual interactions were consensual, often were initiated by Plaintiff and ceased long before the alleged rape in December 2002.  Defendant Stallworth further denies that he harassed, coerced or raped the Plaintiff.  The City of Oakland and Chief Richard Word deny that they maintained any customs, policies or practices which caused or contributed to the violation of the Plaintiff's civil rights or that any sexual interactions between Plaintiff and Officer Stallworth occurred in the course and scope of his employment.

**2.  The principal factual issues which the parties dispute:**

At this time, the disputed facts include, but may not be limited to:

1.  Whether Officer Stallworth was on duty during any of his sexual contacts with the Plaintiff;

2.  Whether Officer Stallworth's sexual contacts with the Plaintiff were consensual;

3.  Whether the City of Oakland and Chief Richard Word had notice of prior incidents involving Officer Stallworth;

4.  Whether the City of Oakland and Chief Word maintained customs, policies or practices which caused or contributed to the violation of the Plaintiff's federal civil rights; and

5.  Whether the City of Oakland and Chief Word ratified Officer Stallworth's conduct. Discovery continuing.

6.  Whether Officer Stallworth and Chief Word are liable for punitive damages and, if so, to what extent.

7.  Whether the acts or omissions of Defendants caused the damages claimed by Plaintiff;

8.  Whether and to what extent Plaintiff sustained damages;

9.  The time, dates and number of the sexual interactions between the Plaintiff and Officer Stallworth.

Discovery continuing.

**3.  The principal legal issues which the parties dispute:**

1.  Whether Officer Stallworth is liable under 42 U.S.C. Section 1983 for the violation of the Plaintiff's constitutional rights;

2.  Whether the City of Oakland and/or Chief Word maintained customs, policies and/or practices which caused or contributed to the violation of the Plaintiff's constitutional rights;

3.  Whether the City of Oakland and/or Chief Word ratified the violation of the Plaintiff's constitutional rights by Officer Stallworth;

4.  Whether Officer Stallworth or Chief Word are entitled to qualified immunity;

5.  Whether Officer Stallworth is liable for Plaintiff's damages under California law;

6.  Whether any sexual interactions between the Plaintiff and Officer Stallworth occurred within the course and scope of Officer Stallworth's employment.

7. Whether any of the Plaintiffs' claims are barred by the applicable statutes of limitations.

Discovery continuing.

**4.  The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

Unknown at this time.  Discovery continuing.

**5.  The parties which have not been served and the reasons:**

Plaintiff reserves the right to name and join "Doe" defendants when, or if, their true identities and/or capacities are ascertained.

**6.  The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

Unknown at this time.  Discovery continuing.

**7.  The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

N/A.

## ALTERNATIVE DISPUTE RESOLUTION

**8.**  The parties attended a settlement conference before the Honorable Magistrate Judge, Maria-Elena James, on August 4, 2004.  The case did not settle at that time. A further settlement conference is scheduled before Magistrate Judge James for November 17, 2004.

**9.  Please indicate any other information regarding ADR process or deadline.**

N/A.

## DISCLOSURES

**10.  The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*:

The parties previously exchanged initial disclosures.

## DISCOVERY

**11.  The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery*

*from experts; deadlines for completing discovery]*:

The parties request that discovery be allowed to proceed subject to the limitations of F.R.C.P. 26, 30 and 33.  In the event that any party believes that these standard limitations need to be expanded for good cause and the issue cannot be resolved informally between the parties, any party seeking an expansion of the standard discovery limitations may bring a motion, if appropriate.

The parties intend to take depositions of parties and witnesses prior to the next settlement conference.

The parties have several discovery disputes that they intend to submit to Magistrate Judge James in the event that they are unable to resolve the disputes informally.

**TRIAL SCHEDULE**

**12.  The parties request a trial date as follows:**

The parties request that the case be set for jury trial in the Spring of 2005.

Defendants will be filing a motion to bifurcate the trial in to phases and intend to file such a motion prior to the next Settlement Conference. Defendants request leave to do so. Plaintiff will oppose Defendants' motion to bifurcate. Defendants also intend to file motions for summary judgment/summary adjudication.  Plaintiff will oppose those motions.

**13.  The parties expect that the trial will last for the following number of days:**

The parties estimate 5-7 Court days for a jury trial (without bifurcation).

Dated: August ___, 2004               _____/s/_____
                                       SANDRA J. SPRINGS
                                       Attorney for Plaintiff

Dated: August ___, 2004               _____/s/_____
                                       JAMES B. CHANIN
                                       Attorney for Plaintiff

Dated: August ___, 2004               _____/s/_____
                                       RACHEL WAGNER
                                       Attorney for City of Oakland
                                       Defendants

Dated: August ___, 2004                   _____/s/_____
                                          CLAUDIA LEED
                                          Attorney for Defendant
                                          Sullivan Stallworth