John J. Verber, State Bar No. 139917
Claudia Leed, State Bar No. 122676
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604

1901 Harrison Street, 11th Floor
Oakland, California 94612
Telephone:   (510) 444-6800
Facsimile:    (510) 835-6666

Attorneys for Defendant
OFFICER SULLIVAN STALLWORTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, a municipal corporation; RICHARD WORD, individually and in his capacity as Chief of Police for the City of Oakland; SULLIVAN STALLWORTH, individually and in his capacity as a police officer for the City of Oakland; DOES 1-50, inclusive,<br><br>    Defendants. | No. C-03-5800 CRB (MEJ)<br><br>**DEFENDANT OFFICER SULLIVAN STALLWORTH'S REPLY IN SUPPORT OF MOTION IN LIMINE TO TRIFURCATE PHASES OF TRIAL AND TO EXCLUDE EVIDENCE**<br><br>Date:     November 12, 2004<br>Time:    10:00 a.m.<br>Dept.:    8<br>Judge:   The Honorable Charles R. Breyer<br>Trial Date: January 24, 2005 |

## I. DEFENDANT'S MOTION TO TRIFURCATE DOES NOT VIOLATE THE COURT'S ORDERS AND IS AUTHORIZED BY F.R.C.P. 42 (b)

Plaintiff argues that the motion to trifurcate before this court is procedurally defective because it should not be heard until this Court's Pretrial Conference. However, this argument is without merit.

In the first instance, the Court's standing orders do not prohibit the filing of motions prior to the Pre-trial conference. Rather, the Court's standing order provides that motions in limine should be filed at least 20 days prior to the Conference.

Moreover, this is a motion for trifurcation brought pursuant to F.R.C.P. Rule 42 (b). Certainly given the magnitude of the issues presented by the motion it is prudent that the motion

be filed as soon as practicable. "A party seeking bifurcation should request relief as soon as the need becomes apparent. Delay may be a factor in affecting the court's exercise of discretion." 4:489, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS & EVIDENCE (2004). Moreover, the Court has broad discretion in deciding whether or not to order the bifurcation of trial.

In addition, Defendant's intention to bring the instant motion on <u>Los Angeles v Heller</u> 475 U.S. 796 (1986) was brought to the attention of Plaintiff in the Further Joint Case Management Conference Statement filed for the Case Management Conference held on August 20, 2004. "Defendants will be filing a motion to bifurcate the trial into phases and intend to file such a motion prior to the next Settlement Conference. Defendants request leave to do so. Plaintiff will oppose Defendants' motion to bifurcate." Plaintiff did not claim at the Case Management Conference that bringing the motion before the Pre Trial Conference was procedurally inappropriate.

In addition, Plaintiff objected to the timing of the motion based on concerns that counsel did not have the documents ordered disclosed following Magistrate Judge James in camera review of Officer Stallworth's Internal Affairs and personnel files. Defense counsel offered to stipulate to allow Plaintiff's counsel additional time to oppose the motion but Plaintiff's counsel declined. Defense counsel also offered to join in a request to the court for a continuance of the trial date if Plaintiff's counsel believed that additional time was necessary to fully address the issues presented to the court in the instant motion. Again, Plaintiff's counsel declined. (See Declaration of Claudia Leed)

Moreover, the Plaintiff has reviewed the Internal Affairs files and personnel information in preparation for the motion. Thus, any claim of prejudice with respect to these documents is unfounded.

The same is argued with respect to the depositions of witnesses, CD Williams, Sarah Henderson and Cynthia Wilson taken after the Plaintiff's opposition was filed. Plaintiff contends that these depositions are so important that the court should not rule on the instant motion until the Pre Trial Conference. However, the claim that additional discovery must be

undertaken to avoid prejudice sidesteps the pivotal issue before the Court regarding whether claims of past misconduct, founded or unfounded, may be entered into evidence to establish Officer Stallworth's liability. Or, whether such evidence should not be admitted on the grounds that it is nothing more than character evidence.

## II. THE PROFERRED EVIDENCE IS NOTHING MORE THAN INADMISSIBLE CHARACTER EVIDENCE

Plaintiff offers a summary and interpretation of Officer Stallworth's Internal Affairs history. Not one of the alleged prior incidents involves allegations of sexual assault. In the approximately 20 years Officer Stallworth worked as a police officer there were three reported incidents, not including the Stewart complaint, that he made inappropriate comments to a female civilian, the Barrett, Meredith and Smith complaints. Officer Stallworth did state in his Internal Affairs investigation that he believed he may have been the subject of a complaint involving actual sexual assault while he worked with CD Williams. (CD Williams denies any such knowledge of an alleged claim of sexual assault.) (See Declaration of Claudia Leed.) Moreover, Mr. Williams was given the opportunity to discuss the alleged prior incidents:

Q: Srgt Johnson: Now, I know that you, you have some, um, prior knowledge from the the officer, that is involved in this case...

A: Yeah, yeah and I real-I realize it's its's not really germane to this case because what happened then in this uh case, is uh, has it's own particulars and it's own merit and uh, it's gonna stand or fall on hits on its own merits. And I realize that past history—past behavior has nothing to do with it.

Q: Srgt. Johnson: Mm-um:

A: Um. So, no I don't have any comments to make in-in that regard."

Even though CD Williams declined to draw any conclusions about alleged prior incidents, the Plaintiff urges the court to make a dramatic leap from the three Internal Affairs complaints and the possible existence of but one complaint for sexual assault (no date, facts or name) to the conclusion that this thin evidence constitutes an exception to the character evidence rule on grounds of intent, habit, and motive.

Plaintiff cites no authority for the proposition that hearsay documents are in the first instance admissible and that such documents are sufficient to establish intent, habit and motive in a sexual assault case. Barring such insufficient and prejudicial evidence is precisely the purpose of Federal Rules of Evidence 403. Plaintiff is offering the other complaints as inappropriate propensity evidence. See e.g. Cohn v Papke 655 F. 2d 191, 1913, (9th Cir. 1981). In addition, Plaintiff does not provide authority for the proposition posed in the opposition that evidence of complaints of inappropriate sexual comments proves intent and motive sufficient to meet the requirements of Federal Rules of Evidence 404:

> **(a) Character Evidence Generally.**--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> **(1) Character of Accused.**--Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;
> **(2) Character of Alleged Victim.**--Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
> **(3) Character of Witness.**--Evidence of the character of a witness, as provided in rules 607, 608, and 609.
>
> **(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Here none of the exceptions to Rule 404 apply. Motive and intent to commit sexual assault can not be proven simply based on inappropriate comments. Plaintiff offers the novel argument that the evidence is relevant to prove that Officer Stallworth had the intent to assault Ms. Stewart because the City maintained a pattern or policy that "encouraged" Stallworth to "abuse his position for his own sexual gratification." However, this type of argument is precisely the problem at the heart of Plaintiff's opposition. It reflects an improper attempt to boot strap character evidence on the basis of relevancy to her Monell claims. This is precisely

what Quantanilla v City of Downey 84 F. 3d 353 (9th Cir. 1996) prohibits. Plaintiff essentially argues that circumstantial and remote character evidence is admissible against Officer Stallworth. In Quintanilla, the Ninth Circuit held that evidence of unrelated incidents of injuries from police dog bites was excludable as premature in the first stage of a bifurcated trial in which only individual officers' use of a dog against arrestee was at issue. Quintanilla v. City of Downey, 84 F.3d at 356.

Plaintiff cites Miller v Pancucci 141 FRD 292 (C.D. Cal. 1992) for the proposition that prior complaints are admissible against an officer. However, this case addresses discovery issues, not the admissibility of evidence. Moreover, this case does not address the requirement that Plaintiff must establish an underlying constitutional violation before proceeding with Monell claims as required by City of Los Angeles v. Heller 474 U. S. 796, 799 (1986).

### III.   CONCLUSION

Based upon the foregoing, Defendants respectfully request this Court grant its motion to trifurcate the trial into three phases and exclude from evidence prior complaints pertaining to Officer Stallworth unless and until Plaintiff establishes liability against Officer Stallworth.

DATED: October 29, 2004                BURNHAM BROWN

By_____
CLAUDIA LEED
Attorneys for Defendant
OFFICER SULLIVAN STALLWORTH

672732